USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/24/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JOSE ABREU, SERGIO DE LOS SANTOS, :
RONALD DEJESUS, VICTOR FERMIN, LUIS :
NUNEZ PERALTA, ANGEL RIVERA, RENEE :
RODRIGUEZ, AND DIONICIO ESTRELLA, : 17-CV-9532 (VEC)
:
             Plaintiffs, : OPINION
: AND ORDER
      v. :
:
FAIRWAY MARKET LLC, FAIRWAY GROUP :
HOLDINGS, CORP., FAIRWAY CHELSEA, :
LLC, FAIRWAY UPTOWN, LLC, AND :
FAIRWAY WOODLAND PARK LLC, :
:
            Defendants. :
-------------------------------------------------------------- X
VALERIE CAPRONI, United States District Judge:

      Plaintiffs are former and current employees of four New York and New Jersey grocery stores operated by the Defendants under the tradename Fairway Market.  Plaintiffs allege that Fairway Market and its employees discriminated and retaliated against them on the basis of their Hispanic heritage and their requests for medically-necessary accommodations, and retaliated against them for reporting unsafe conditions.  Am. Compl. (Dkt. 1 Ex. B) ¶¶ 202-04, 226-27, 253, 258-59.  They allege that their supervisors demoted them, reduced their wages, changed their shift schedules, and docked them overtime pay or vacation days.  Am. Compl. ¶¶ 74, 88, 94, 100, 124, 145, 151, 190.  While employed, Plaintiffs signed written agreements to arbitrate claims against the Defendants arising out of their employment.  Dkt. 8 Exs. 2-4, 6, 8, 9, 10; Dkt. 35 Exs. A, B (the "Arbitration Agreements").  Plaintiffs assert claims for discrimination on the basis of race and disability pursuant to the New York State Human Rights Law, N.Y. Exec. L. § 296, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107; retaliation

1

pursuant to New York Labor Law §§ 215 and 740; and back wages pursuant to New York Labor Law § 190.

On December 5, 2017, Defendants removed this case from New York Supreme Court, *see* Dkt. 1, and then promptly moved to dismiss or, in the alternative, to compel arbitration, Dkt. 6. On December 19, 2017, the Court required Defendants to show cause why this Court has subject-matter jurisdiction. Dkt. 9. On May 7, 2018, the Court concluded that it had subject-matter jurisdiction, but permitted Plaintiffs to move for leave to amend their complaint. Dkt. 16. Before the Court are Plaintiffs' motion for leave to amend and Defendants' motion to dismiss or, in the alternative, to compel arbitration. Dkt. 6; Dkt. 21.

**1. Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave" to a party to amend its complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir. 2007)). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court finds that leave to amend would be futile. In opposition to the motion to amend, Defendants argue that leave to amend should be denied because Plaintiffs' claims are barred by the election of remedies doctrine, the applicable statute of limitations, and are otherwise inadequately pled. Dkt. 24 at 2-11. Rather than respond to the substance of those arguments, Plaintiffs' reply brief asserts in conclusory fashion that the futility standard does not apply because their amendment narrows—rather than expands—their claims. Dkt. 26 at 1-2.

Plaintiffs have cited to no case law to support this proposition; the fact that Plaintiffs' proposed amendment narrows the case does not excuse their failure to address Defendants' arguments.[1] Plaintiffs' failure to meaningfully engage with the Defendants' arguments amounts to a waiver of their opportunity to respond. *See Felske v. Hirschmann*, No. 10-CV-8899 (RMB), 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012) ("A plaintiff effectively concedes a defendant's arguments by his failure to respond to them."). Accordingly, leave to amend is denied as futile.

### 2. Motion to Compel Arbitration

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA"), establishes a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Pursuant to section 3 of the FAA, the court must compel arbitration in "any suit or proceeding" if there is "an agreement in writing for such arbitration" and "the issue involved . . . is referable to arbitration." 9 U.S.C. § 3. When considering a motion to compel arbitration, the court must determine (1) "whether the parties agreed to arbitrate," (2) "the scope of that agreement;" (3) "if federal statutory claims are asserted, . . . whether Congress intended those claims to be nonarbitrable" and (4) "if . . . some, but not all, of the claims in the case are arbitrable, . . . whether to stay the balance of the proceedings pending arbitration." *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 844 (2d Cir. 1987) (citations omitted). Whether the parties' agreement to arbitrate is valid is a question of state law. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *see also* 9 U.S.C. § 2.

---

[1] Plaintiffs' lack of response is particularly glaring in light of the fact that one of these arguments was raised in Defendants' initial motion to dismiss. *See* Dkt. 7 at 7. Plaintiffs' response to the motion to dismiss also did not respond to Defendants' argument regarding election of remedies. *See* Dkt. 29. Plaintiffs' failure to respond to all of the arguments raised in the opposition to the motion for leave to amend was a deliberate, strategic decision, albeit a misguided one.

Each of the Plaintiffs' Arbitration Agreements provides for the arbitration of claims "based on statutorily prohibited sexual harassment or discrimination under any federal, state, or local law, including but not limited to, . . . the Human Rights laws of the State or City of New York." Dkt. 8 Exs. 2-4, 6, 8; Dkt. 35 Exs. A, B. Plaintiffs appear to concede that the arbitration clauses apply on their face, Dkt. 29 at 1, but contend that the clauses are invalid because they are unconscionable or were signed under duress. Dkt. 29 at 13-16. Neither of these arguments is persuasive.

Plaintiffs contend that the Arbitration Agreements are unconscionable because they were provided to them along with a stack of other papers, without explanation of their meaning. Dkt. 29 at 13. But it is well established "that a 'contractor must stand by the words of his contract; and, if he [does] not read what he signs, he alone is responsible for his omission.'" *Butvin v. DoubleClick, Inc.*, No. 99-CV-4727 (JFK), 2001 WL 228121, at *8 n.13 (S.D.N.Y. Mar. 7, 2001), *aff'd,* 22 F. App'x 57 (2d Cir. 2001) (quoting *Upton v. Tribilcock*, 91 U.S. 45, 50 (1875)). None of the Plaintiffs disputes that he or she signed the Arbitration Agreement, and each employee's subjective knowledge as to the meaning of the agreement to arbitrate is irrelevant. *See Hart v. Canadian Imperial Bank of Commerce*, 43 F. Supp. 2d 395, 400–01 (S.D.N.Y. 1999) ("[A]bsent a showing of fraud or other unlawful behavior, 'plaintiff's subjective knowledge of the scope of the arbitration clause is irrelevant and he is presumed to have agreed to all the terms of the contract.'" (quoting *Rice v. Brown Bros. Harriman & Co.*, No. 96-CV-6326 (MBM), 1997 WL 129396, at *4 (S.D.N.Y. Mar. 21, 1997))). Nor is Plaintiffs' purported lack of facility with English a basis to invalidate an otherwise valid contract. *See Victorio v. Sammy's Fishbox Realty Co.*, No. 14-CV-8678 (CM), 2015 WL 2152703, at *11 (S.D.N.Y. May 6, 2015); *Maines Paper & Food Serv., Inc. v. Adel*, 681 N.Y.S.2d 390, 391 (3d Dep't 1998).

Alternatively, Plaintiffs contend that because signing the Arbitration Agreements was a condition of their employment, the agreements were made under economic duress and are therefore voidable. Dkt. 29 at 14-16. Economic duress, under New York law, requires: "(1) a threat, (2) which was unlawfully made, and (3) caused involuntary acceptance of contract terms, (4) because the circumstances permitted no other alternative." *Kamerman v. Steinberg*, 891 F.2d 424, 431 (2d Cir. 1989) (quoting *Gulf & W. Corp. v. Craftique Prods., Inc.*, 523 F. Supp. 603, 610 (S.D.N.Y. 1981)). Courts have held repeatedly that requiring an employee to sign an arbitration clause as a condition of employment does not constitute economic duress, despite the imbalance in bargaining power. *See, e.g.*, *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (1991); *Williams v. Parkell Prods., Inc.*, 91 F. App'x 707, 708-09 (2d Cir. 2003). Additionally, economic duress is a defense to contract enforceability only if the party repudiates the agreement in a timely manner. *VKK Corp. v. NFL*, 244 F.3d 114, 123 (2d Cir. 2001) (a party under duress who "intentionally accept[s] benefits under the contract" by "acting upon it, performing under it, or affirmatively acknowledging it" cannot later repudiate the contract (quoting *In re Boston Shipyard Corp.*, 886 F.2d 451, 455 (1st Cir. 1989))); *Sci. Holding Co. v. Plessey, Inc.*, 510 F.2d 15, 23 (2d Cir. 1974) (duress waived because the party failed to repudiate in a timely manner). Each of the Plaintiffs continued his or her employment for years after signing the Arbitration Agreements thereby "intentionally accepting" the "benefits" of that contract. *VKK Corp.*, 244 F.3d at 123; *see* Dkt. 8 Exs. 2-4. 6. 9, 10; Dkt. 35 Exs. A, B.

In sum, the arbitration clause applies to the claims in this action and is enforceable. Accordingly, the motion to compel arbitration is granted.

When compelling arbitration, the Court is required to grant a stay, rather than dismiss the case, if either party so requests. *See* 9 U.S.C. § 3; *Katz v. Cellco Parnership*, 794 F.3d 341, 347

(2d Cir. 2015). Neither party has yet requested a stay, but the Court will delay dismissal of this case for ten (10) days to give the parties the opportunity to make such a request if either so chooses. By **August 3, 2018**, any party seeking a stay of the proceedings must so inform the Court.

Plaintiffs' motion for leave to amend is DENIED. Defendants' motion to compel arbitration is GRANTED. The case shall be dismissed on **August 3, 2018**, unless before that date one or more parties files a letter with the Court requesting that the action be stayed pending the outcome of arbitration.

The Clerk of Court is respectfully requested to close the open motions at docket entries 6 and 21.

**SO ORDERED.**

Date: July 24, 2018  
New York, New York

**VALERIE CAPRONI**  
**United States District Judge**